FILED
NOV 0 6 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSHUA WILLIAMSON,

      Plaintiff,

v.

MUNSEN PAVING, LLC,

      Defendant.

No. 09-cv-736-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

  Before the court is Defendant Munsen Paving LLC's ("Munsen") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), and motion to make more definite and certain pursuant to Federal Rule of Civil Procedure 12(e) ("Rule 12(e)"). Munsen argues that Plaintiff Joshua Williamson ("Williamson") has failed to state facts sufficient to support his claim

under the Oregon Safe Employment Act ("OSEA"), and that this claim should be dismissed for failure to state a claim upon which relief can be granted. Munsen also argues that Williamson has pleaded several vague and ambiguous statements to which it cannot respond without additional detail, and therefore asks the court to require Williamson to identify specific rules and regulations upon which he relies.

Munsen's Rule 12(b)(6) motion should be granted in part and denied in part. Williamson may bring a cognizable claim against Munsen under the Oregon Safe Employment Act, but his complaint fails to allege facts sufficient to state such a claim. Munsen's Rule 12(e) motion should be granted because certain allegations fail to adequately describe the conduct Munsen allegedly engaged in that violated specific OSEA provisions or implementing regulations. Dismissal should be without prejudice, and Williamson should be allowed leave to replead his complaint because the deficiencies in the complaint can be remedied.

## *Background*

On or about June 11, 2008, Williamson, while in the course of his employment for Wikel Excavation, LLC ("Wikel"), was operating a pickup truck waiting to pick up gravel from a loading area at Munsen's facility. Christopher Paul Murchie ("Murchie"), an employee of Munsen, in the course of his employment, backed up the dump truck he was driving, striking Williamson and driving over Williamson's left leg and right foot. As a result of the injury, Williamson alleged that he sustained traumatic and numerous injuries. Williamson has sued Munsen on theories of negligence, violation of the Oregon Employers' Liability Act (ELA), and violation of the OSEA.

*Legal Standard*

A.  Motion to Dismiss.

Rule 12 (b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A federal claimant is not required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* While the court must assume that all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, *Reynolds v. Giusto*, No. 08-6261-PK, 2009 WL 2523727, at *1 (D. Or. Aug 18, 2009), citing *Mishler v. Clift*, 191 F.3d 998, 1003 (9th Cir. 1999), it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). Additionally, a plaintiff must set forth a plausible claim for relief – a possible claim for relief is not sufficient. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009)(*quoting Iqbal*, 129 S. Ct. at 1949).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court revisited the standard for adequately stating a claim. *Twombly* shifted the standard toward increased fact-based allegations and away from mere recitation of a claim's elements: "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation

FINDINGS AND RECOMMENDATION    3    {AM}

to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (brackets omitted). The Supreme Court expanded on *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), by identifying two principles informing their decision in *Twombly*. First, although the court must accept as true all facts asserted in a pleading, it need not accept as true any legal conclusions set forth in a pleading. *Id.* at 1949. Second, the complaint must set forth facts supporting a plausible claim for relief and not merely a possible claim for relief. *Id.* The Court instructed that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1949-50 *(citing Iqbal v. Hasty,* 490 F.3d 143, 157-158 (2nd Cir. 2007)). The Court concluded: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitelement to relief." *Id.* at 1950.

In *Moss v. U.S. Secret Service*, 572 F. 3d 962 (9th Cir. 2009), the Ninth Circuit explained the new *Twombly-Iqbal* standard. The *Moss* court reenforced the plausibility premise by observing that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Moss*, 572 F. 3d at 969, *quoting Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Moss*, 572 F. 3d at 969, *quoting Iqbal*, 129 S. Ct. at 1949. The Ninth Circuit concluded by observing: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim

FINDINGS AND RECOMMENDATION    4    {AM}

entitling the plaintiff to relief." *Moss*, 572 F. 3d at 969.

B.  Motion to Make More Definite and Certain.

Rule 12(e) provides that "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "Motions for a more definite statement are viewed with disfavor, and are rarely granted." *Margarita Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999). As one court observed, "Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." *Presidio Group, LLC v. GMAC Mortg., LLC*, 2008 WL 3992765, *1 (W.D. Wash. Aug. 25, 2008) (citations omitted). Thus, in evaluating a motion under Rule 12(e), the proper test is to determine "whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Federal Sav. and Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988).[1]

*Discussion*

A.  Rule 12(b)(6) Motion.

1.  Cognizable claim.

Munsen first argues that Williamson has not pleaded sufficient facts to state a claim under the OSEA because he cannot bring a cognizable claim under that act. It contends that the OSEA was adopted for the protection of employees against their direct employers, and that Williamson cannot plead membership in the group intended to be protected by the OSEA because he is not Munsen's

---

[1] Whether and the extent to which *Twombly-Iqbal* has affected the Rule 12(e) standard is an open question.

FINDINGS AND RECOMMENDATION    5    {AM}

employee. Williamson responds that the OSEA imposes liability upon owners of places of employment, not only direct employers. Thus, Williamson contends, as applied to owners, the duties under the OSEA extend to workers of other employers.

The OSEA, ORS 654.001-654.295 and 654.750-654.780, codifies the common-law duty to provide safe places of employment. Important to the instant motion, the statute separately defines "employer" and "owner." Under ORS 656.005(6), the definition of "owner" is "means and includes every person having ownership, control or custody of any place of employment or of the construction, repair or maintenance of any place of employment." In ORS 656.015, the OSEA describes an owner's duty: "No employer *or owner* shall construct or cause to be constructed or maintained any place of employment that is unsafe or detrimental to health." (Italics added.) The OSEA further mandates that an owner must comply with every requirement of every order, decision, direction, standard, rule or regulation in connection with the matters specified under the OSEA statutes, "or in any way relating to or affecting safety and health in employments or places of employment, or to protect the life, safety and health of employees in such employments or places of employment." ORS 654.022.

Munsen cites several cases to support its contention that the OSEA was not intended to apply to indirect employers. In *Flores v. Metro Machinery Rigging, Inc.*, 99 Or. App. 636 (1989), the Oregon Court of Appeals held that "the purpose of the SEA is to require an employer to take necessary steps to protect its own employees, not those of other employers." *Id.* at 641. The court followed *Flores* in *German v. Murphy*, 146 Or. App. 349 (1997), stating "because plaintiff was not a direct employee of defendant, the trial court did not err in granting defendant's motion for summary judgement on plaintiff's claim for negligence *per se*." *Id.* at 357.

FINDINGS AND RECOMMENDATION      6                                              {AM}

Munsen's contention misses the mark, because Williamson does not base his OSEA claim upon the premise that Munsen is his indirect employer. Rather, Williamson relies on the OSEA's applicability to owners and Munsen's undisputed status of owner of the premises where Williamson's injury occurred. In *Moe v. Beck*, 100 Or. App. 177 (1991), the court of appeals discussed the applicability of the OSEA to owners and clarified the statutory test for determining ownership status under the act. In *Moe*, the defendant owned a dump truck which it leased to another party, who subleased the truck to the plaintiff's employer. The plaintiff was injured when the truck's brakes failed. The plaintiff sued the defendant, alleging the defendant had been negligent in failing to comply with various OSEA provisions. The defendant successfully moved for summary judgement, contending it had no liability as an owner under the OSEA. On appeal, the court reversed the summary judgment, holding that "the legislature did not define as 'owner' any person with 'ownership, control *and* custody'. Rather, it defined as 'owner' any person who has 'ownership, control *or* custody.'" *Id.* at 180-181.

In *Brown v. Boise-Cascade Corp.*, 150 Or. App. 391 (1997), the Oregon Court of Appeals explained owners' liability under the OSEA. *Brown* expanded *Moe's* discussion by observing that although the word "owner" is ambiguous, the OSEA clearly defines an owner in the disjunctive: as a person who has *either* control, custody, *or* ownership of a place of employment. *Brown*, 150 Or. App. at 407. The *Brown* court then observed that "at least in some circumstances, ownership of a premises where OSEA violations occur is sufficient to support negligence *per se* liability even if the defendant had no direct involvement in, or control over, the injury producing activity." *Id.* However, ownership liability under the OSEA lies "only if the regulation whose violation underlies the OSEA claim is one that either explicitly, or by nature, imposes obligations on owners of

FINDINGS AND RECOMMENDATION        7                                {AM}

premises." *Id.* at 408.

The *Brown* court also cited *Moe* as an example of how OSEA regulations apply to an owner. In *Moe*, driving was the ordinary and foreseeable use of the "workplace" that the defendant owned, the dump truck. Providing and maintaining adequate brakes was essential to the safe operation of that "workplace." "Thus, although regulations underlying the plaintiff's negligence *per se* claim in *Moe* did not expressly refer to owners, the defendant there was nevertheless subject to those regulations." *Brown*, 150 Or. App. at 408. The *Brown* court then analyzed the plaintiff's particular allegations underlying his OSEA claim based on the *Moe* analysis, and concluded that the plaintiff's cited rules pertaining to inadequate lighting did apply to the defendant owner.

*Brown* and *Moe* make clear that Williamson may bring an OSEA claim against Munsen as an owner, and that he may properly rely on those regulations intended to implement the OSEA's applicability to owners. Accordingly, Williamson may base his claim against Munsen on the OSEA, because the act applies to owners such as Munsen, and he may allege that the act's implementing regulations are standards of care against which Munsen's conduct should be evaluated. Therefore, Munsen's 12(b)(6) motion should be denied to the extent that it seeks dismissal of Williamson's complaint for failing to allege a cognizable claim.

2. Sufficiently pleaded facts.

Second, Munsen argues that Williamson has not pleaded facts sufficient to state an OSEA claim against it. On this aspect of Munsen's motion, the court agrees. Williamson alleges that Munsen violated the OSEA in six specific ways, but he cites to the prior version of the OSEA implementing regulations. Specifically, the regulations' numbering, as well as their form, changed in 1997. *Brown*, 150 Or. App. at 403 n.9. The change is a substantive one, because not only were

the regulations renumbered but their content was reorganized, thus preventing an easy comparison between the two versions. Therefore, Williamson must amend his complaint to cite the correctly numbered regulatory provisions upon which he relies for his ownership liability claim against Munsen under the OSEA. To the extent that Williamson's complaint contains specific factual allegations regarding Munsen's alleged conduct, in accordance with the *Twombly-Iqbal* standard, Williamson must amend his complaint to tie those factual allegations to the regulations he cites. Accordingly, Williamson's OSEA claims does not meet the *Twombly-Iqbal* pleading standard and Munsen's Rule 12(b)(6) motion should be granted, without prejudice and with leave to Williamson to amend.

B. Rule 12(e) Motion

FRCP 12(e) provides that "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Munsen contends that Williamson has pleaded several vague and ambiguous statements to which it cannot respond unless additional detail is provided. Specifically, Munsen requests that the plaintiff identify particular statutes, codes, rules and regulations that have been violated. In support, Munsen cites *Kverageas v. Scottish Inns, Inc.*, 96 F.R.D. 425 (D. Tenn. 1983), a case where the court required a more definite and certain statement of a complaint which alleged a party had disobeyed "the provisions of the applicable statute of the State of Tennessee." *Id.* at 426.

The complaint here is unlike that in *Kverageas* because Williamson does, in fact, cite to specifically identified Oregon laws and regulations. As noted above, however, some allegations in the complaint are incorrect or not current, or altogether vague. For example, Williamson alleges that

Munsen was negligent in "violating safety regulations promulgated by OSHA, OROSHA and provisions of the Oregon Safe Employment Act." (Complaint ¶ 7(g).) Any number of safety regulations are implicated by this allegation, and Munsen is entitled to a more definite statement of which specific regulations Williamson claims it violated. Thus, the claims asserted here are not described with sufficient definiteness, and Munsen's Rule 12(e) motion should be granted.

*Conclusion*

Munsen's motion to dismiss pursuant to Rule 12(b)(6) should be GRANTED in part and DENIED in part, with leave to Williamson to amend. Munsen's Rule 12(e) motion also should be GRANTED and Williamson should be required to provide a more definite statement of what conduct Munsen allegedly engaged in and what specific regulations that conduct violated.

*Scheduling Order*

The above Findings and Recommendation are referred, effective this date, to a United States District Judge for review. Objections, if any, are due no later than fourteen (14) days from this date. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen (14) days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 6th day of November, 2009.

JOHN V. ACOSTA
United States Magistrate Judge