FILED'10 MAR 02 16:04USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


JOSHUA WILLIAMSON,                                No. CV 09-736-AC

            Plaintiff,                            FINDINGS AND
                                                  RECOMMENDATION

    v.

MUNSEN PAVING LLC, an Oregon limited
liability corporation,

            Defendant,
_____


ACOSTA, Magistrate Judge:

*Findings and Recommendation*

        Before the court is defendant Munsen Paving LLC's ("Munsen") second motion to dismiss

pursuant to Federal Rule of Civil Procedure ("Rules") 12(b)(6). Munsen argues that plaintiff Joshua

Williamson ("Williamson") has failed to state facts sufficient to constitute a claim for relief under

the Oregon Safe Employment Act (OR. REV. STAT. 654.001-654.295 and 654.750-654.780)


FINDINGS AND RECOMMENDATION        1                          *{TDW}*

("OSEA"). Accordingly, Munsen moves the court to dismiss Williamson's claim with prejudice. For the reasons set forth below, the court recommends that Munsen's second Rule 12(b)(6) motion be granted in part and denied in part.

*Background*

On or about June 11, 2009, Williamson, while in the course of his employment for Wikel Excavation, LLC ("Wikel"), was operating a pickup truck waiting to pick up gravel from a loading area at Munsen's facility. Christopher Paul Murchie ("Murchie"), an employee of Munsen, in the course of his employment, backed up the dump truck he was driving, striking Williamson and driving over Williamson's left leg and right foot. As a result of the accident, Williamson alleged that he sustained traumatic and numerous injuries. Williamson has sued Munsen on theories of negligence, violation of the Oregon Employers Liability Act (ELA), and violation of OSEA.

Williamson filed his original complaint with this court on June 26, 2009. On August 31, 2009, Munsen moved to dismiss Williamson's complaint pursuant to Rule 12(b)(6) and moved the court for an order to make the pleadings more definite pursuant to Rule 12(e). On November 6, 2009, this court issued Findings and Recommendation concluding that Munsen's Rule 12(b)(6) motion should be granted in part and denied in part. Additionally, this court found that Munsen's Rule 12(e) motion should be granted because certain allegations failed to adequately describe the conduct Munsen allegedly engaged in that violated OSEA.

In its Findings and Recommendation, this court concluded that Williamson could bring a legally cognizable claim against Munsen under OSEA, but it found his complaint failed to allege facts sufficient to state such a claim. Williamson had cited to the prior version of OSEA's

implementing regulations; their numbering, as well as their form, changed in 1997.[1] Thus, the court directed Williamson to amend his complaint to correctly cite the current OSEA provisions upon which he relied for his ownership liability claim against Munsen.   The court also instructed Williamson to amend his complaint to tie his factual allegations to the regulations he relied upon.

The Honorable Garr M. King, United States District Judge, adopted this court's Findings and Recommendation on November 30, 2009.  Williamson subsequently filed an amended complaint on December 3, 2009.  On December 16, 2009, Munsen filed its second motion to dismiss pursuant to Rule 12(b)(6).

### Legal Standard

Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted.  In considering a Rule 12(b)(6) motion to dismiss, the court must accept all of the claimant's material factual allegations as true and view all facts in the light most favorable to the claimant. *Reynolds v. Giusto*, No. 08-CV-6261-PK, 2009 WL 2523727, at *1 (D. Or. Aug 18, 2009). The Supreme Court addressed the proper pleading standard under Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  *Twombly* established the need to include facts sufficient in the pleadings to give proper notice of the claim and its basis:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Id.* at 555 (brackets omitted).

Since *Twombly*, the Supreme Court has clarified that the pleading standard announced therein

---

[1] *Brown v. Boise-Cascade Corp.*, 150 Or. App. 391. 403 n.9 (1997).

is generally applicable to cases governed by the Rules, not only to those cases involving antitrust allegations. *Ashcroft v. Iqbal*, ---U.S.---, 129 S. Ct. 1937, 1949 (2009). The *Iqbal* court explained that *Twombly* was guided by two specific principles. First, although the court must accept as true all facts asserted in a pleading, it need not accept as true any legal conclusion set forth in a pleading. *Id.* Second, the complaint must set forth facts supporting a plausible claim for relief and not merely a possible claim for relief. *Id.* The court instructed that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1949-50 (*citing Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2nd Cir. 2007)). The court concluded: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

The Ninth Circuit further explained the *Twombly-Iqbal* standard in *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009). The *Moss* court reaffirmed the *Iqbal* holding that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Moss*, 572 F.3d at 969 (*quoting Iqbal*, 129 S. Ct. at 1949). The court in *Moss* concluded by stating: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inference from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss,* 572 F.3d at 969.

*Preliminary Procedural Matters*

Williamson raises several procedural issues in opposing Munsen's motion. First, Williamson asserts that "[d]efendant's 'Second Fed.R.Civ.P.12 Motion to Dismiss' has previously been decided by this Court and no objection to the Findings and Recommendation was submitted as required by FRCP 72." This assertion lacks merit, as Munsen's original Rule 12(b)(6) motion was granted in part and denied in part. As this court explicitly stated: "Williamson may bring a cognizable claim against Munsen under the [OSEA], but his complaint fails to allege facts sufficient to state such a claim." Williamson's previous complaint was insufficient because he failed to cite to current OSEA implementing regulations and because he had not alleged the facts supporting that claim with sufficient detail. Williamson subsequently amended his complaint to comply with the court's ruling and Munsen now challenges the amended complaint on the ground that the regulations cited do not apply to owners. Therefore, the court concludes that this issue has not been previously decided and Munsen's motion should not be denied on this ground.

Williamson further contends that Munsen did not confer in good faith as required by Local Rule 7-1 prior to the filing of this motion. Local Rule 7-1(a)(1) requires a party filing a motion to certify that "[t]he parties made good faith effort through personal or telephone conference to resolve the dispute, and have been unable to do so[.]" Local Rule of Civil Practice ("Local Rule") 7-1(a)(1), District of Oregon (2009). "The obvious purpose of Local Rule 7-1(a) is to encourage parties to resolve disputes amicably when possible, preserving judicial resources for those matters that require the court's intervention." *Thompson v. Federico*, 324 F. Supp. 2d 1152, 1172 (D. Or. 2004).

In this case, Williamson's attorney provided Munsen's attorney with plaintiff's proposed amended complaint on November 13, 2009. On November 18, 2009, counsel exchanged a series

of phone calls and emails in which they discussed the applicability to "owners" of Williamson's updated OSEA regulation citations. (Defs.' Reply in Support of Second Motion to Dismiss ("Reply"), Ex. 1 at 4-5.) Within those emails, counsel for Munsen specifically stated:

> With regard to your proposed first amended complaint, I believe the [OSEA] claim still fails because the regulations relied upon do not apply to owners. . . Procedurally, I think you are entitled to file the pleading without my consent. I would then file another motion to dismiss. I am around the rest of the week if you would like to discuss this over the phone.

(Reply, Ex. 1 at 5.) In response, Williamson's attorney told Munsen's attorney that the regulations in question "apply to owners and occupiers – take another look at the Brown case." Munsen responded that he reviewed the regulations in question but that he did not see anything that would suggest they apply to owners. On November 20, 2009, Williamson's attorney forwarded another draft of the amended complaint to Munsen's attorney, who did not respond. Williamson subsequently filed his amended complaint on December 4, 2009.

The court finds that Munsen met its obligation to confer pursuant to Local Rule 7-1(a). The record discloses that counsel for the parties initially conferred by telephone regarding Williamson's proposed amended complaint, which satisfied Rule 7-1(a)'s requirement that counsel engage in "personal or telephone conferences to resolve the dispute[.]" The court wishes to make clear that an exchange of emails, standing alone, does not satisfy Rule 7-1(a). Here, however, the parties began the conferral process by telephone and later supplemented their telephone conferrals with email containing further analysis, and they exchanged the proposed pleading being discussed. Thus, the parties met the Rule 7-1(a)'s conferral requirement and fulfilled its purpose. Accordingly, the court finds that Munsen's motion should not be denied on this basis.

Third, Williamson asserts that the "applicability of the regulations to this owner's conduct

FINDINGS AND RECOMMENDATION        6                          {TDW}

is a question of fact." (Pl.'s Mem. of Law in Resp. to Defs.' Second Mot. to Dismiss ("Pl.'s Memo") at 9.)  Whether the regulations apply to a particular person or entity is question of law where the underlying facts are not disputed.  *See Brown v. Boise-Cascade Corp.*, 150 Or. App. 391, 408-14 (1997)(Examining owner liability under OSEA and determining that four of the five regulations explicitly applied only to employers).  Therefore, the court here will decide whether the cited regulations may be applied to owners and serve as the basis for a negligence claim.

## Discussion

Munsen asserts Williamson's amended complaint still fails to properly state an OSEA claim against Munsen as an owner, because the cited regulations do not apply to owners.

### A.  Ownership Liability Under The OSEA.

The OSEA codifies the common-law duty to provide safe places of employment.  Under OR. REV. STAT. 656.015, "[n]o employer or owner shall construct or cause to be constructed or maintained any place of employment that is unsafe or detrimental to health."  The OSEA further mandates that an owner must comply with every requirement of every order, decision, direction, standard, rule, or regulation in connection with the matters specified under OSEA "or in any way relating to or affecting safety and health in employments or places of employment, or to protect the life, safety, and health of employees in such employments or places of employment."  OR. REV. STAT. 654.022 (West 2009).[2]

When interpreting state law, federal courts are bound by decisions of the state's highest court. *Ariz. Elec. Power Coop., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995).  In Oregon, ownership

---

[2] OR. REV. STAT. 654.010 and 654.305 are additional statutes referenced by Williamson in the amended complaint, which state a similar theme to those statutes described above.

liability lies "only if the regulation whose violation underlies the OSEA claim is one that either explicitly, or by nature, imposes obligations on owners of premises." *Brown*, 150 Or. App. at 408. By nature, regulations pertaining to workplace structures or safeguards apply to owners. *Id.* Conversely, requirements pertaining to work practices or methods apply to employers. *Id.*

In *Brown*, the court concluded that the regulations cited by plaintiff pertaining to inadequate lighting did apply to the defendant owner. *Id.* at 413. Explaining its holding the court stated: "We conclude that the lighting regulations at issue here do apply to owners. That is, owners are obligated, as a *structural matter*, to equip workplaces with lighting adequate for the work that ordinarily would occur within that type of workspace." *Id.* (emphasis added).

The *Brown* court cited *Moe v. Beck*, 100 Or. App. 177 (1991), as an example of how OSEA regulations apply to an owner. *Brown*, 150 Or. App. at 408. In *Moe*, driving was the ordinary and foreseeable use of the workplace owned by the defendant, namely the dump truck. *Id.* Providing and maintaining adequate brakes was essential to the continuing *structural integrity* and *safe operation* of that workplace in its ordinary and intended manner. *Id.* (emphasis added). "Thus, even though the regulations in *Moe* did not expressly refer to owners, the defendant there was nevertheless subject to those regulations." *Id.*

With this guidance, the court turns to the specific regulations cited by Williamson to determine which, if any, of those regulations apply to owners.

B. Williamson's Cited Regulations.[3]

The first regulation Williamson relies on is Oregon Administrative Regulation ("OAR") 437-001-0760(1), which provides in pertinent part:

> (a) The *employer* must see that workers are properly instructed and supervised in the safe operation of any machinery, tools, equipment, process, or practice that they are authorized to use or apply.  This rule does not require a supervisor on every part of an operation nor prohibit workers from working alone.
>
> (b) The *employer* shall take all reasonable means to require employees:
>
>> (A) To work and act in a safe and healthful manner;
>>
>> (B) To conduct their work in compliance with all applicable safety and health rules;
>>
>> (C) To use all means and methods, including but not limited to, ladders, scaffolds, guardrails, machine guards, safety belts and lifelines, that are necessary to safely accomplish all work where employees are exposed to a hazard[.]
>
> (c) Every *employer* shall be responsible for providing the health hazard control measures necessary to protect the employees' health from harmful or hazardous conditions and for maintaining such control measures in good working order and in use.

OAR 437-001-0760(1)(a)-(c) (2010) (emphasis added).

In *Brown*, the court addressed a similar regulation, which provided:  "The *employer* shall instruct each employee in the recognition and avoidance of unsafe conditions and the regulations applicable to his work environment to control or eliminate any hazards or other exposure to illness or injury."  OAR 437-03-C-1926.21(b)(2) (emphasis added).  The court in *Brown* held that owners have no responsibility under a regulation that, by its terms, applies only to employers.  *Id.*  Thus, as

---

[3] Williamson's amended complaint alleges multiple violations of the regulations referenced in this document.

FINDINGS AND RECOMMENDATION        9                        {TDW}

in *Brown*, Munsen has no responsibility under a regulation that, by its terms, applies only to employers. Accordingly, Williamson's claims that are based on OAR 437-001-0760(1)(a)-(c) should be dismissed.

Second, Williamson relies on 29 CFR § 1926.20(a)(1) (adopted by reference in OAR 437-003-001(3)(a)), which provides in pertinent part: "[N]o *contractor* or *subcontractor* for any part of the contract shall require any laborer or mechanic employed *in the performance of the contract* to work in surroundings or under working conditions which are unsanitary, hazardous, or dangerous to his health or safety." (emphasis added). "Contractor" is defined as "[o]ne who contracts to do work or provide supplies for another." *Black's Law Dictionary* 375 (9th ed. 2009). "Subcontractor" is defined as "[o]ne who is awarded a portion of an existing contract by a contractor." *Id.* at 1560.

In this case, Williamson alleges that Munsen "required Plaintiff to work in surroundings or under working conditions that were hazardous or dangerous to his health and safety in violation of 29 CFR § 1926.20(a)(1)." (First Am. Compl. at 9.) Williamson overlooks an essential requirement of 29 CFR §1926.20(a)(1), that Munsen must have required Williamson to work under such conditions while *in the performance of a contract*. (Emphasis added.) Nowhere in the amended complaint does Williamson alleged the existence of a contract between Munsen and Williamson's employer, Wikel. For that reason, Williamson's claim under 29 CFR § 1926.20(a)(1) should be dismissed.

Third, Williamson relies on 29 CFR § 1926.21(b)(2) (adopted by reference in OAR 437-003-001(3)(b)), which provides: "*Employer* responsibility. . . The *employer* shall instruct each employee in the recognition and avoidance of unsafe conditions and the regulations applicable to his work environment to control or eliminate any hazards or other exposure to illness or injury." (emphasis

added).

In *George v. Myers*, the court addressed a similar regulation, 29 CFR § 1926.501, which provided: "This section sets forth requirements for *employers* to provide fall protection systems. All fall protection required by this section shall conform to the criteria set forth in § 1926.502 of this subpart." 169 Or. App. 472, 484 (2000) (emphasis added). The court in *George* held that: "By its terms, CFR § 1926.501 expressly requires *employers* to provide fall protection systems. The regulation makes no reference to owners. Rather, the regulation by its terms applies only to employers. Accordingly, it cannot support the imposition of negligence per se liability [against an] owner." *Id.* at 485. (internal citation and quotation marks omitted)(emphasis added). Similar to *George*, in this case, 29 CFR § 1926.21(b)(2) expressly refers to employers rather than owners. Accordingly, Williamson's claim against Munsen under 29 CFR § 1926.21(b)(2) should be dismissed.

Finally, Williamson relies on OAR 437-002-2225(9), which pertains to warning devices. The relevant portions of OAR 437-002-225 provide:

> (1) Scope: [t]his applies to employer-owned vehicles licensed for highway and road use, driven and/or maintained by employees on public or private property[.]

> (9) Warning Devices:

>> (a) All vehicles must have a working horn that can be heard above surrounding area noise. Paragraph (b) does not apply when the vehicle backs up with an observer or when the operator verifies that there is nobody behind the vehicle or when nobody may enter the danger area without the operator's knowledge.

>> (b) Vehicles with an obstructed view to the rear must have a backup alarm that can be heard over the surrounding noise. If noise prevents this or if there are so many vehicles using backup alarms that they cannot be distinguished from each other, flashing or strobe lights are

acceptable.

OAR 437-002-225(1)&(9)(a)(b) (2010).

Munsen contends that the regulation does not apply to owners because the use of flaggers or back up alarms qualify as workplace methods and practices. The court disagrees. The regulation explicitly and by nature imposes obligations on the owner of the vehicle by stating that "[t]his applies to employer-owned vehicles[.]" Furthermore, the requirements of OAR 437-002-225(9) apply to owners because they pertain to workplace structures or safeguards, and *Moe v. Beck*, 100 Or. App. 177, 180-81 (1991), made clear that workplace can include a work vehicle, the owner of which must comply with the obligations the OSEA imposes on "owners". Requiring a backup alarm for a vehicle with an obstructed view is clearly a safety measure. Accordingly, Munsen's motion as to OAR 437-002-225(9) should be denied.

### Conclusion

For the reasons stated above, Munsen's second Rule 12(b)(6) motion (#18) should be GRANTED in part and DENIED in part. Munsen's motion should be granted as to OAR 437-001-0760(1)(a)-(c), 29 CFR § 1926.20(a)(1), and 29 CFR § 1926.21(b)(2). Munsen's motion should be denied as to OAR 437-002-225(9).

### Scheduling Order

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due March 16, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and

Recommendation will go under advisement.

DATED this 2nd day of March 2010.

_____
JOHN V. ACOSTA
United States Magistrate Judge