FILED
FEB 2 3 2011

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


JOSHUA WILLIAMSON,                                        Case No. CV 09-736-AC

              Plaintiff,                          OPINION AND ORDER

    v.

MUNSEN PAVING, LLC, an
Oregon limited liability corporation,

              Defendant.


Before the court is plaintiff Joshua Williamson's ("Williamson") cost bill. On December 13,

2010, the jury returned a verdict in favor of Williamson on his negligence claim against defendant

Munsen Paving, LLC ("Munsen Paving"). The jury also found Williamson ten percent

comparatively negligent. On December 15, 2010, the court entered judgment for Williamson on the

jury's verdict. On December 29, 2010, Williamson filed his cost bill in the amount of $10,624.21.

The court grants in part and denies in part Williamson's cost bill, and awards Williamson $7,941.03

OPINION AND ORDER                          1

in total costs, as explained below in more detail.

*Background*

Williamson suffered a personal injury on June 11, 2008, when a Munsen Paving dump truck backed up over Williamson's feet. Williamson filed a lawsuit against Munsen Paving in which he asserted claims based on common law negligence, violation of the Oregon Safe Employment Act, and violation of the Oregon Employer's Liability Act. Later, after Williamson had conducted extensive discovery on these claims, he also asserted a punitive damages claim. Munsen Paving initially denied liability and asserted a comparative negligence defense against Williamson.

The parties' litigation of the case produced an extensive procedural record. Munsen Paving filed two motions to dismiss and a motion for partial summary judgment. Both parties requested the court's intervention to resolve discovery disputes, both through motions to compel and numerous informal requests that resulted in hearings to resolve those disputes. In some instances, the parties' discovery disagreements forced the court to resolve the same discovery dispute more than once. Munsen Paving ultimately admitted negligence but continued to assert its comparative negligence defense, which spawned further briefing and argument at both the summary judgment and pretrial conference stage.

At summary judgment, the court dismissed Williamson's statutory negligence claims and his punitive damages claim, and allowed Munsen Paving's comparative negligence defense to proceed. At the pretrial conference, the court ruled that Williamson could introduce certain statutory and regulatory duties as evidence of the standard of care which governed Munsen Paving's conduct, for purposes of comparing Williamson's conduct against Munsen Paving's conduct on the comparative negligence defense. Ultimately, the case proceeded to trial to resolve Munsen Paving's comparative

negligence defense and Williamson's claims for economic and non-economic damages.

*Standards*

The specific items a prevailing party may recover as costs are set by statute. Under 28 U.S.C.

§ 1920, recoverable items of cost are:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Costs "should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). This rule

creates a presumption in favor of awarding costs to the prevailing party. *Ass'n of Mexican-American*

*Educators* v. *State of California,* 231 F.3d 572, 592 (9th Cir. 2000) (en banc). If a district court

departs from that presumption, it must provide an explanation so that the appellate court can

determine whether the district court abused its discretion. *Id.* at 592-93 (if disallowing costs, the

district court should "explain why a case is not 'ordinary' and why, in the circumstances, it would

be inappropriate or inequitable to award costs."). *Compare Save Our Valley v. Sound Transit*, 335

F.3d 932, 945 (9th Cir. 2003) (district court "need only find that the reasons for denying costs are

not sufficiently persuasive to overcome the presumption in favor of an award").

However, the trial judge has wide discretion in awarding costs under FRCP 54(d)(1).

*Arboireau v. Adidas Salomon AG*, No. 01-105-ST, 2002 WL 31466564, at *4 (D. Or. June 14, 2002).

The trial courts are free to construe the meaning and scope of the items enumerated as taxable costs

in §1920. *Alflex Corp. v. Underwriters Lab., Inc.,* 914 F.2d 175, 177 (9th Cir. 1990) (per curiam).

OPINION AND ORDER          3

It is "incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of Southern California*, 178 F.3d 1069, 1079 (9th Cir. 1999).

## Discussion

Williamson seeks costs in the total amount of $10,624.21 under five of the six categories of recoverable costs listed in § 1920. Munsen Paving acknowledges that Williamson is the prevailing party in this case but it objects to numerous items in his cost bill. Munsen Paving contends that subtracting those items for which Williamson should receive no recovery, the correct amount of costs to be taxed is only $5,570.58. The court addresses each of Williamson's claims and Munsen Paving's objections in turn.

A.      Fees of the Clerk and Marshal

Williamson seeks costs of $3,018.53 in this category. Of this amount, $350.00 is the filing fee for Williamson's lawsuit and $106.00 is the fee for serving the complaint and summons on Munsen Paving. Munsen Paving does not oppose these claimed costs. Accordingly, these items are allowed in the amount of $456.00.

Of the remaining $2,562.53, Munsen Paving challenges only the service fees for subpoenas that Williamson served on government agencies, industry organizations, and companies during discovery. Munsen Paving argues these fees were neither necessarily nor reasonably incurred because they related to discovery "solely to build a futile punitive damages claim." (Def.'s Resp. to Pl.'s Bill of Costs ("Response") 4.) Williamson filed his lawsuit on June 26, 2009, but did not assert his punitive damages claim until one year later. On July 16, 2010, Williamson moved to amend his complaint to add a claim for punitive damages based on evidence obtained to that time, and also moved to extend the discovery closure date to permit him to pursue further discovery on

OPINION AND ORDER                    4

that claim. On July 30, 2010, the court granted Williamson's motion to amend his complaint to add his punitive damages claim and extended the discovery deadline. On August 3, 2010, Williamson filed his Third Amended Complaint asserting his punitive damages claim and, two days later on August 5, 2010, Munsen Paving filed its answer to the amended complaint in which it admitted liability for negligence in some of the respects Williamson alleged. On September 10, 2010, Munsen Paving filed its motion for partial summary judgment in part challenging Williamson's punitive damages claim. On October 22, 2010, the court granted that motion and dismissed Williamson's punitive damages claim.

Munsen Paving incorrectly premises its objection on the ultimate dismissal of Williamson's punitive damages claim. The relevant inquiry focuses not on whether a plaintiff was unsuccessful on some of his claims but instead on whether "there is a 'common core of facts' that requires substantially the same expense on prevailing and unsuccessful claims". *Creative Computing v. Getloaded.com LLC*, 386 F.3d 930, 937 (9th Cir. 2004) (citations omitted). The district court must examine whether the claims are distinct enough to be separated for fee allocation and whether the evidence overlapped between the prevailing and unsuccessful claims. *Id.* In the Ninth Circuit, "claims are unrelated when the relief sought on the unsuccessful claim 'is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised.'" *Community Ass'n for Restoration of the Environment v. Henry Bosma Dairy*, 305 F.3d 943, 956 (9th Cir. 2002), quoting *Thorne v. City of El Segundo,* 802 F.2d 1131, 1141 (9th Cir.1986). Thus, "even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims." *Cabrales v. Cnty. of Los Angeles,* 935 F.2d 1050, 1052 (9th Cir.1991).

First, Munsen Paving has not carried its burden. It argues that the costs it identifies as related to Williamson's punitive damages claim should not be awarded because Williamson did not prevail on that claim, but failure to succeed on a claim is not, by itself, sufficient to defeat a claim for recovery of the costs connected with that claim. Munsen Paving does not explain how Williamson's punitive damages claim is distinct from his negligence claims such that the challenged costs should be denied. Because the presumption is to award costs to the prevailing party and the losing party bears the burden of showing why otherwise recoverable costs should not be awarded, Munsen Paving's objections here are overruled.

Furthermore, on the record of this case, this court finds that Williamson's punitive damages claims arose from the same core of common facts upon which he based his negligence claims. All of Williamson's claims focused on a single course of conduct, Munsen Paving's failure to provide a safe environment for those who came onto its asphalt facility to purchase and load asphalt. Williamson's theory focused on the absence of policies, procedures, traffic plans, training, signage, and communication at the Munsen Paving facility, and he conducted discovery on his negligence claims for almost thirteen months before he moved to amend his complaint to add a punitive damages claim based on the discovery he had obtained. At that time, he premised his punitive damages claim on Munsen Paving's alleged knowledge that the various measures upon which his negligence claims originally focused were necessary but absent from the asphalt facility, and Munsen Paving's purported intentional disregard for that fact. Although this court dismissed Williamson's punitive damages claim on summary judgment because the evidence offered to support it did not create a jury question under Oregon's standard for proving punitive damages, that evidence was indistinct from that supporting Williamson's negligence claims – which negligence Munsen Paving

OPINION AND ORDER                          6

ultimately admitted after discovery closed. Furthermore, at trial Williamson introduced some of that evidence to rebut Munsen Paving's comparative negligence defense, a largely successful effort as demonstrated by the jury's decision to allocate to Williamson only ten percent responsibility for his injuries.

In sum, Williamson's punitive damages claim was not distinct from his negligence claims such that the costs associated with the discovery on that claim are not recoverable. Accordingly, the court awards Williamson costs of $456.00 in filing and clerk's fees, and costs of $2,562.53 in service fees, for a total of $3,018.53 in costs under this category.

B.    Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case

Under 28 U.S.C. § 1920(2), a prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" *See also* FED. R. CIV. P. 54(d)(1) ("costs . . . should be allowed to the prevailing party"). "Depositions are 'necessary' if introduced into evidence or used at trial for impeachment or cross-examination." *Arboireau*, 2002 WL 31466564, at *5. The cost of a deposition not used at trial still may be recovered "if taking the deposition was reasonable as part of the pretrial preparation of the case rather than merely discovery for the convenience of counsel, or if the deposition was required for a dispositive motion." *Id.*

Williamson seeks to recover $4,739.98 in transcript costs, court reporter fees, and related charges incurred in obtaining the depositions of twelve witnesses. Munsen Paving objects to Williamson's cost request for the deposition transcripts of four of those witnesses, John Sallak, Brad Cutler, Dan Degrange, and Margaret LaVaque, because Williamson did not use those deposition transcripts at trial and because the deposition related only to Williamson's punitive damages claim. (Response 3).

OPINION AND ORDER                    7

Disallowance of expenses for depositions not used at trial is within the district court's discretion. *Washington State Dep't. of Transp. v. Washington Natural Gas Co.,* 59 F.3d 793, 806 (9th Cir. 1995). However, in calculating award of costs, a court may, it its discretion, tax deposition and copying costs even if the items in question were not used at trial. *Sea Coast Foods, Inc. v. Lu-Mar Lobster and Shrimp, Inc.*, 260 F.3d 1054 (9th Cir. 2001).

The transcript and related costs Munsen Paving challenges here are dissimilar to the service fees it challenged and which the court allowed, above. First, the cost of each of the challenged items occurred after August 3, 2010, the date Williamson filed his Third Amended Complaint to assert his punitive damages claim. Second, each of the challenged items related only to Williamson's punitive damages claim. Third, none of the witnesses whose testimony Williamson obtained during these depositions testified at trial; in fact, Williamson listed none of them as witnesses for trial on either his original or amended witness list. Therefore, the court disallows the following costs under this category:

| | | |
|---|---|---|
| 1. | Court reporter fee, LaVaque deposition | $167.50 |
| 2. | Transcript fee, LaVaque deposition | 222.80 |
| 3. | Transcript fee, DeGrange deposition | 108.00 |
| 4. | Conference call charges, DeGrange deposition | 56.28 |
| 5. | Transcript fee, Sallak deposition | 98.55 |
| 6. | Transcript fee, Cutler deposition | 367.65 |
| 7. | Court reporter fee, Cutler deposition | 180.00 |
| | **TOTAL** | $1,200.78 |

There being no objection to the remaining costs under this category and the court finding that

OPINION AND ORDER                    8

those remaining costs are recoverable, court awards Williamson $3,539.20 in costs under this category.

C.    Fees and Disbursements for Printing and Witnesses

Witness fees are a recoverable cost under 28 U.S.C. § 1920(3). For witness fees to be taxable as costs, the witness's testimony must be material to an issue tried and reasonably necessary to its disposition. *United California Bank v. THC Financial Corp.*, 557 F.2d 1351, 1361 (D. Haw. 1977). The trial judge is in the best position to determine whether the testimony meets this standard. *Id.* Also, a prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). This includes copying costs for documents produced to opposing parties in discovery and submitted to the court for consideration of motions. *Arboireau*, 2002 WL 31466564, at *6 (citing *Fressell v. AT&T Tech., Inc.,* 103 F.R.D. 111, 115-16 (N.D. Ga. 1984)).

Under this category, Williamson first seeks costs of $138.20 incurred in printing discovery documents Munsen Paving produced. This is an allowable cost, and Munsen Paving does not object to it. Accordingly, this cost is allowed in the amount of $138.20.

Williamson next seeks to recover witness fees and mileage in the amount of $1,160.40. First, the court notes that Williamson here includes costs incurred for depositions which pertained only to plaintiff's punitive damages claim, costs for which the court has ruled are not recoverable. Those costs are:

| | | |
|---|---|---|
| 1. | Sallak deposition witness fee | $ 40.00 |
| 2. | Sallak mileage | 12.50 |
| 3. | Sallak court reporter fee | 75.00 |

OPINION AND ORDER                    9

| | | |
|---|---|---|
| 4. Cutler deposition witness fee | | 40.00 |
| 5. DeGrange deposition witness fee | | 40.00 |
| 6. DeGrange court reporter fee | | 60.00 |
| 7. DeGrange court reporter fee | | 75.00[1] |
| **TOTAL** | | $342.50 |

Because the court has ruled that costs incurred for these witnesses' deposition is not recoverable, the court disallows this portion of Williamson's costs, $342.50, under this category.

The remainder of costs under this category, $817.90, is recoverable, as the court finds that those costs were incurred to obtain the testimony of witnesses whose testimony was "material to an issue tried and reasonably necessary to its disposition." Accordingly, the court awards Williamson $138.20 in printing costs and $817.90 in witness fees, for a total of $956.10 in costs under this category.

D.    Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies are Necessarily Obtained for Use in the Case

As noted above, a prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Copying costs for documents used as exhibits at trial are recoverable. *Arboireau*, 2002 WL 31466564, at *6 (citing *Fressell v. AT&T Tech., Inc.,* 103 F.R.D. 111, 115-16 (N.D. Ga. 1984)). However, recoverable copying costs "do 'not include extra copies of filed papers, correspondence, and copies of cases since these are prepared for the convenience of the attorneys.'" *Id.* (citation omitted). *See also Frederick v. City of Portland,* 162 F.R.D. 139, 142 (D. Or.1995)

---

[1] Williamson represents that DeGrange did not appear at his first scheduled deposition. Thus, the court reporter appearance fee for his deposition appearance twice.

OPINION AND ORDER                    10

(rejecting bulk of defendants' request for costs as "inappropriate" because it "represents costs associated with the in-house photocopying of defense counsel"). A party's conclusory assertion that all copies were reasonably necessary to its case is, by itself, insufficient. *Kraft v. Arden*, No. 07-487-PK, 2009 WL 73869, at *9 (D. Or. Jan. 8, 2009). *See also Arboireau*, 2002 WL 31466564, at *6 (same).

Williamson seeks a total of $1,567.20 in costs under this category. Munsen Paving challenges only one group of costs here, those "associated with designing or creating demonstrative exhibits." (Response 4.) Specifically, these exhibit are the enlarged, mounted versions of twenty-two of Williamson's fifty-five trial exhibits: sixteen black-and-white boards at $35.00 each, totaling $560.00; four color boards at $125.00 each, totaling $500.00; and two oversized charts at $50.00 each, totaling $100.00. The total amount for these oversized exhibits is $1,160.00.

The court disallows these costs. Although the district court has discretion to construe the meaning and scope of the items enumerated as taxable costs in §1920, "[t]he Court must limit an award of costs to those defined in 28 U.S.C. § 1920." *Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.,* 920 F.2d 587, 588 (9th Cir.1990) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987)). "Section 1920 does not contain any provision for shifting the cost of designing or creating demonstrative exhibits." *Teicher v. Regence Health and Life Ins. Co.*, No. 06-CV-1821-BR, 2008 WL 5071679, at *12 (D. Or. Nov. 24, 2008). Judge Brown's observation in *Teicher* is consistent with § 1920's wording, which does not expressly authorize recovery of enlarged versions of trial exhibits which the court already has admitted in their original size.

Furthermore, this conclusion is consistent with the well-established case law disallowing

costs of copies made for counsel's convenience: enlarged versions of already admitted standard-size exhibits are purely for counsel's convenience. Convenience, not necessity, is the dominant factor here: enlarged exhibits of this type are unnecessary because of the availability to counsel of the court's electronic evidence system. That system allows counsel to either display page-sized exhibits to the jury on video screens in the jury box or project such exhibits onto the courtroom's large screen so that all may see the exhibit. Thus, the expense for enlarging original exhibits and mounting them on boards is not "necessarily obtained" as contemplated by § 1920.

Accordingly, the court disallows $1,160.00 in cost incurred to prepare enlarged versions of Williamson's exhibits. The remainder under this category, $407.20, is allowed.

E.    Docket Fees

A prevailing party may recover a docket fee. 28 U.S.C. § 1920(5). That fee is $20.00 and is recoverable "on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, criminal, or admiralty cases[.]" 28 U.S.C. § 1923(a). Williamson is the prevailing party in this case, which Munsen Paving does not dispute. Accordingly, the court awards this cost in the amount of $20.00.

*Order*

For the reasons explained above, Williamson's cost bill (#162) is GRANTED in part and DENIED in part, as follows:

| | |
|---|---|
| Fees of the clerk and marshal: | $3,018.53 |
| Fees for transcripts necessarily obtained: | 3,539.20 |
| Fees and disbursements for printing and witnesses: | 956.10 |
| Fees for exemplification and copies necessarily obtained: | 407.20 |

Docket fees:                                     20.00

**TOTAL COSTS AWARDED:**              **$7,941.03**

Dated this 22nd day of February, 2011.

JOHN V. ACOSTA
United States Magistrate Judge

OPINION AND ORDER              13